*600 Pigott, J.
(dissenting). Penal Law § 260.20 (1) is designed to protect children from being exposed to illicit drug and sexual activity in whatever setting such harmful activity may be taking place. The statute’s language is quite broad. “[A]ny person” who “knowingly permits a child” to “enter or remain” in “a place, premises or establishment” where the illegal activities are taking place, and who “knows or has reason to know” that such activity is being “maintained or conducted,” is guilty of a misdemeanor.
There is no dispute that defendant knew or had reason to know of the illegal drug activity happening in the apartment. Police found in plain view in the kitchen, on the second shelf of a cabinet which had no door, a plate with powdered cocaine. They also discovered crack cocaine packaged for sale in “dime bags” in a pair of jeans, as well as a significant amount of cash in a laundry bag. The mother, the lessee of the apartment, admitted at trial that she had been selling drugs out of the apartment.
The majority concludes, however, that the evidence was insufficient to support the conviction because the People presented no evidence that defendant had control over the apartment. I disagree with that conclusion.
The standard for reviewing the legal sufficiency of the evidence is whether “after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt” (People v Contes, 60 NY2d 620, 621 [1983] [emphasis omitted]).
Here, the People proffered testimony that when police entered the apartment, they found defendant in bed in the living room with the mother, two of her children, and her grandchild. Defendant was wearing only a tee shirt and boxer shorts. He told police that his clothes were in a drawer of a dresser in the bedroom. An officer found a key to the apartment in defendant’s jeans. A cable bill for the apartment was in defendant’s name.
Viewing this evidence in the light most favorable to the People,* the jury could have reasonably rejected defendant’s claim that he was homeless and concluded that defendant lived *601 in, or otherwise had control over, the apartment. Thus, in my view, the evidence established that defendant knowingly permitted three underage children to remain in an apartment where he knew, or had reason to know, that unlawful drug activity was being maintained.
Judges Rivera, Abdus-Salaam and Stein concur; Judge Pigott dissents in an opinion in which Chief Judge DiFiore and Judge Garcia concur.
Order reversed, judgment vacated, and indictment dismissed.

 The majority takes issue with the fact that the People presented no evidence that defendant ever “fed, babysat, or otherwise cared for the children” or that he was ever alone with them (majority op at 599). None of these *601 factors, however, are necessary to the inquiry. Indeed, the majority recognizes that the People need only prove a relation to the child or to the premises (see id. at 598). Here, the People established the requisite relationship to the premises.